FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 DEC 13 P 1: 26
CLERK _SMcCarthy_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 307-002 |
| | ) | |
| SEAN LASHAY COLEY | ) | |

# ORDER

In the captioned criminal matter, Defendant Sean Lashay Coley pled guilty on September 18, 2007, to one count of possession with intent to distribute certain specified narcotics, a violation of 21 U.S.C. § 841, and one count of carrying a firearm during and in relation to a drug trafficking offense, a violation of 18 U.S.C. § 924(c).

Defendant was represented by counsel, Mr. Judson L. Green, IV, during the plea negotiations with the United States Attorney's Office of the Southern District of Georgia and at the Rule 11 hearing. Defendant, through Mr. Green, now seeks to withdraw his guilty plea. The Government opposes the motion.

Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw his guilty plea if he can show "a fair and just reason" for doing so. The Eleventh Circuit has explained that "fair and just" is adjudged under the totality

of the circumstances, including "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." United States v. Freixas, 332 F.3d 1314, 1318 (11th Cir. 2003) (quoted sources omitted).

Defendant's proffered reason for his withdrawal of the guilty plea, without further explanation, is that he had a "fundamental misunderstanding of the opportunity to help himself in the written plea offer."[1] (Doc. No. 17.) Yet, he has provided no information or explanation about the nature of this "fundamental understanding." He has filed no affidavit or other evidence supporting his motion. To the extent that Defendant is claiming that his plea was not "knowing and voluntary," he has utterly failed to show this to be the case. In fact, this Court made a specific finding on the record at the Rule 11 hearing that Defendant's plea was knowing and voluntary. Finally, close assistance of counsel has been available to Defendant throughout the proceedings.

Because Defendant has not made a sufficient showing of a fair and just reason for allowing him to withdraw his guilty

---

[1] The Court notes that the Plea Agreement contains a "Cooperation Provision."

plea, Defendant's motion is **DENIED**. This case shall proceed to sentencing on Defendant's plea of guilty on Monday, December 17, 2007, in Dublin, Georgia.

**ORDER ENTERED** this 13TH day of December 2007, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE