ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 JUN 28 PM 1:46

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| SEAN LASHAY COLEY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | CV 312-056 <br> (Formerly CR 307-002) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate confined to federal custody at FCI Big Spring in Big Spring, Texas, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

I. **BACKGROUND**

On September 18, 2007, Petitioner pled guilty to one count of possession with intent to distribute five grams or more of cocaine base (crack) and a quantity of 3, 4-methylenedioxymethamphetamine (ecstasy), in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm during and in relation to a drug trafficking offense, in

violation of 18 U.S.C. § 924(c). United States v. Coley, CR 307-002, doc. nos. 1, 15, 16 (S.D. Ga. Sept. 18, 2007) (hereinafter "CR 307-002").[1] The Honorable Dudley H. Bowen, Jr., United States District Judge, sentenced Petitioner to a 120-month term of imprisonment on the narcotics possession count and a consecutive 60-month term of imprisonment on the firearm count. Id., doc. no. 22. Petitioner did not file a direct appeal.[2]

The instant motion was mailed on June 18, 2012, and received and filed by the Clerk of Court on June 21, 2012.[3] (Doc. no. 1, pp. 1, 14.) Petitioner raises a single claim: that he was improperly given a mandatory minimum sentence on the drug possession count because that offense involved "crack cocaine." Petitioner asserts that he pled guilty only to possession of "cocaine base," and, citing DePierre v. United States, ___ U.S. ___, 131 S. Ct.

---

[1] Petitioner subsequently filed a motion to withdraw his guilty plea, which Judge Bowen denied in an Order issued on December 13, 2007. CR 307-002, doc. nos. 17, 20.

[2] Petitioner did file a post-conviction motion for a sentence reduction pursuant to 18 3582(c)(1)(B), which raises a different issue than his § 2255 motion and is currently pending before Judge Bowen. CR 307-002, doc. no. 24.

[3] Under Houston v. Lack, 487 U.S. 266, 276 (1988), Petitioner's motion is deemed filed on the date of delivery to prison officials for mailing. See also Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (*per curiam*) (§ 2255 motion deemed filed on date the petitioner "signed, executed, and delivered his petition to prison authorities for mailing"). Here, Petitioner does not provide the date that he executed and delivered the petition to prison officials for mailing, but the envelope in which he mailed the petition is postmarked June 18, 2012. (Doc. no. 1, pp. 13-14.)

2

2225 (2011),[4] he asserts that the government did not show the cocaine base he possessed consisted of crack cocaine.[5] (Id. at 4.)

## II. DISCUSSION

28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions. According to the AEDPA, the statute of limitations period shall run from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[4]In DePierre, the Supreme Court held that the statutory term "cocaine base," as used in 21 U.S.C. § 841(b)(1), means not just "crack cocaine," but any cocaine in its chemically basic form. As a result, the Court rejected the defendant's argument that only offenses involving "crack cocaine" trigger the mandatory minimum sentence required by § 841(b)(1)(A)(iii) for offenses involving a specified quantity of a substance that contains "cocaine base." See DePierre, 131 S. Ct. at 2237.

[5]While the Court does not reach the merits of Petitioner's claim for the reasons set forth below, see infra Part II, it notes that the indictment specified that the drug offense with which Petitioner was charged and to which he pled guilty involved crack cocaine. CR 307-002, doc. no. 1, p. 1.

28 U.S.C. § 2255(f). As no direct appeal was filed in Petitioner's criminal case, his conviction and sentence became final ten days after judgment was entered, in December of 2007. See Fed. R. App. P. 4(b)(1).[6] Assuming Petitioner's AEDPA clock began running on this date, the instant motion, filed more than four years later, is untimely.

Petitioner argues that he should be afforded a later start date for the one-year limitations period pursuant to § 2255(f)(3) because his sole claim relies upon DePierre, which was decided by the Supreme Court on June 9, 2011. (Doc. no. 1, p. 12.) However, § 2255(f)(3) requires that Petitioner's claim be based upon a right that has been "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." As at least one other court has noted, see United States v. Dewitt, Case No. 3:12-cv-183, 2012 U.S. Dist. LEXIS 83361, at *2 (S.D. Ohio June 15, 2012), DePierre did not recognize a new right; rather, it clarified that the statutory term "cocaine base," as used in 21 U.S.C. § 841(b)(1), refers to all forms of cocaine base rather than just crack cocaine. See 131 S. Ct. at 2237.

Also, Petitioner's statement that DePierre "became retroactive" on June 9, 2011, is incorrect (see doc. no. 1, p. 12.), as DePierre has not previously been found retroactively applicable to cases on collateral review. See, e.g., Witherspoon v. United States, Case No. 5:12-CV-00076, 2012 U.S. Dist. LEXIS 85902, at *4 (W.D.N.C. June 21, 2012) ("[T]here is

---

[6]Pursuant to an amendment that went into effect on December 1, 2009, the time limit for filing an appeal was extended from 10 to 14 days following the date judgment was entered. See Fed. R. App. P. 4, Notes of Advisory Committee on 2009 Amendments. At the time of Petitioner's conviction, however, the time limit was 10 days, making that the operative rule with respect to determining the timeliness of the instant motion. The four-day extension of the time limit enacted by the 2009 amendment does not make any difference in this case.

4

no indication that the Supreme Court has made DePierre retroactive to cases on collateral review."); Jackson v. United States, Case No. 1:12-cv-115, 2012 U.S. Dist. LEXIS 84061, at *6 (E.D. Tenn. June 18, 2012) ("[T]he Supreme Court has not held that DePierre is retroactively applicable to cases on collateral review.").

Nor has Petitioner attempted to show that this Court should recognize DePierre as retroactively applicable to cases on collateral review. Moreover, any attempt to make such showing would be unsuccessful, as DePierre neither "place[d] certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," nor "require[d] the observance of those procedures that . . . are implicit in the concept of ordered liberty." Teague v. Lane, 489 U.S. 288, 311 (1989) (holding that, absent these factors, newly recognized rules are not retroactively applicable on collateral review). Indeed, DePierre's interpretation of the term "cocaine base" and explanation of the sentencing ramifications of that term did not call into question the illegality of the conduct for which Petitioner was convicted -- *i.e.*, possession with intent to distribute five grams or more of cocaine base and a quantity of 3, 4-methylenedioxymethamphetamine. See Ross v. United States, 289 F.3d 677, 680 (11th Cir. 2002) (noting that newly decided cases are generally inapplicable on collateral review but may be retroactively applicable if the new decision "'interprets the meaning of a criminal statute enacted by Congress' so that the conduct for which a defendant was convicted may no longer be illegal." (quoting Bousley v. United

States, 523 U.S. 614, 620 (1998))). Therefore, Petitioner has not shown that he is entitled to a later limitations period under § 2255(f)(3).[7]

Additionally, the Court notes that the Eleventh Circuit has held that the statute of limitations in § 2255 may be subject to equitable tolling. Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), *aff'd*, 544 U.S. 295 (2005). Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson, 340 F.3d at 1226. The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Here, Petitioner does not make any argument for equitable tolling, and no basis for such tolling is apparent upon an examination of the petition or the record. Accordingly, the Court concludes that there is no basis for equitably tolling the AEDPA's one-year statute of limitations.

---

[7]As noted previously, the instant § 2255 motion arrived in an envelope postmarked June 18, 2012, and there is no indication that Petitioner executed the motion and gave it to prison officials for mailing prior to that date. See supra note 3. Because DePierre was decided on June 9, 2011, even if Petitioner were entitled to a later limitations period under § 2255(f)(3), it is not apparent that his § 2255 motion would be timely.

6

Finally, the Court notes that consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1985); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "In addition, 'to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.'" Id. (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)).

Here, Petitioner has not presented any new evidence to suggest that he did not commit the offenses to which he pled guilty such that no reasonable juror would have convicted him. Indeed, his claims focus exclusively on alleged errors at sentencing in prior state cases. Therefore, the actual innocence exception does not save the instant motion from being time-barred under the AEDPA.

In sum, Petitioner has offered no reason to suggest that the AEDPA statute of limitations began to run or was reset at any point within the one-year period preceding the filing of his § 2255 motion. Moreover, Petitioner has not satisfied the requirements for equitable tolling, and he has not presented any arguments sufficient to support a claim of actual innocence. Accordingly, the instant motion is time-barred under the AEDPA's one-year statute of limitations.

## III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **FINDS** that Petitioner's motion is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of June, 2012, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE